UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL RICHARD STANFIELD, JR., | No. 2:17-cv-02352-GGH |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of coram nobis. ECF No. 1. The petition itself challenges his conviction in the Siskiyou County Superior Court based upon a plea agreement that he alleges he entered into only because of the absence of the effective assistance of counsel who failed to investigate the circumstances underlying the charges of premeditated murder of two persons. Id. at 2.. Attachments to the petition indicate that he has sought coram nobis relief in the Siskiyou County Superior Court, id. at 17, the California Supreme Court, id. at 18, and the Third District Court of Appeal. Id. at 21.

Petitioner is not, however, entitled to bring this petition on these grounds in this court as he is in custody and, thus, has "the more usual remedy" for seeking relief pursuant under 28 U.S.C. section 2254 by filing a petition for a writ of habeas corpus. See Ramos v. Ives, 2011

WL 1261076 *3 (E.D. Cal. 2011). A writ of coram nobis can only issue "in aid of the jurisdiction of the court . . . in which the conviction was had." Madigan v. Wells, 224 F.2d 577, 578 n2 (9th Cir. 1955). Section 2254 is, therefore the only vehicle for seeking the review in this court. See United States v. Riedi, 496 F.3d 1003, 1005 (9th Cir. 2007) citing United States v. Morgan, 346 U.S. 502, 511 (1954).

The court has two means of dealing with this matter. First, it could just dismiss the petition for lack of jurisdiction. Second, it may dismiss the complaint with leave to amend to correct the error by filing a petition for a writ of habeas corpus pursuant to section 2254, thereby avoiding any potential statute of limitations issue, assuming that plaintiff has not already exceeded the statute of limitations. The court will follow this second avenue.

Additionally, plaintiff has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00), see 28 U.S.C. § 1915(a), which will permit him to go forward assuming he wishes to file a petition for a writ of habeas corpus to engage the jurisdiction of this court.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The petition for a writ of coram nobis is DISMISSED for lack of jurisdiction with leave to amend to file a habeas corpus petition;

2. The petitioner may file a petition for a writ of habeas corpus if he so chooses which must conform to the requirements found in 28 U.S.C. section 2254 within 60 days of the issuance of this Order;[1]

3. If petitioner elects to file the aforementioned petition, he shall, within thirty (30) dates from the date of this Order, submit an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee. Petitioner's failure to comply with this directive will result in the dismissal of this action; and

////

////

---

[1] This 60-day period exceeds the normal amount of time for the filing of an amended petition and is being extended in light of the petitioner's need to restyle his pleading to conform to the statutory requirements for a petition for writ of habeas corpus.

2

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

**IT IS SO ORDERED**.

Dated: November 16, 2017

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE